**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. LEONARD E. SALTZMAN, KENT EUBANK, THOMAS RIVA, LUBO and MAIRA HADJIPPETKOV, WILLIAM and NANCY EHORN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>                    v.<br><br>PELLA CORPORATION, an Iowa corporation, and PELLA WINDOWS AND DOORS, INC., a Delaware corporation,<br><br>            Defendants. | No. 06 C 4481<br>Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND**

The five named Plaintiffs allege that between 1990 and 2003, they purchased Pella "ProLine" or "Architect Series" aluminum-clad wood windows for installation at their residences in Illinois, Iowa, Florida, New Jersey, and California.  Plaintiffs further allege that the windows contained a latent defect that caused a substantial likelihood that the windows would leak. Moreover, Plaintiffs allege that Defendants Pella Corporation and Pella Windows and Doors ("Pella" or "Defendants") knew about the latent defect and failed to disclose it to its customers.

Plaintiffs filed this action pursuant to 28 U.S.C. §§ 1331 and 1332(d)(2)(A) (2006).  The cause of action contains six counts: (I) violation of various states' Consumer Fraud Acts; (II) violation of various states' Uniform Deceptive Trade Practices Acts; (III) common law fraud by omission; (IV) breach of implied warranty of merchantability; (V) unjust enrichment; and (VI) declaratory relief pursuant to 28 U.S.C. § 2201 (2006) ("Declaratory Judgments Act").

Currently before me is Pella's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.  Defendants level a variety of arguments—pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and 23—in attacking Plaintiffs' respective claims.

## II.   DISCUSSION

### A.   Motion to Dismiss Standard

A  motion to dismiss tests the sufficiency of a complaint, not the merits of a case.  *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998).  I should grant Pella's motion to dismiss only if Plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiffs' favor.  *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002).  I may grant Pella's motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### B.   State Consumer Fraud Acts

Pella first argues that Plaintiffs' statutory and common-law fraud claims (Counts I and III) should be dismissed because they fail to meet the pleading standards of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")[1] or Fed.R.Civ.P. 9(b).

The ICFA is "a regulatory and remedial statute intended to protect consumers, borrowers, and business people against fraud, unfair methods of competition, and other unfair and deceptive

---

[1] Plaintiffs bring their fraud claims under various state consumer fraud statutes.  However, the parties essentially only argue about the ICFA and Fed.R.Civ.P. 9(b).  Since those are the arguments that are developed, those are the ones I will address here.

business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002).

Section 2 of the ICFA prohibits:

> "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, . . . in the conduct of any trade or commerce"

815 ILL. COMP. STAT. 505/2 (2002).

To adequately plead a cause of action under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002); *Zekman v. Direct American Marketers, Inc.*, 695 N.E.2d 853 (Ill. 1998). A complaint raising a claim under the ICFA "must state with particularity and specificity the deceptive manner of defendant's acts or practices, and the failure to make such averments requires the dismissal of the complaint." *Robinson*, 775 N.E.2d at 961; *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent knowledge, and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b). To comply with the rule, a plaintiff must, with respect to any allegedly fraudulent misrepresentation, set out the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

3

These heightened pleading requirements "force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The rule is designed to "minimize the extortionate impact that a baseless claim of fraud can have on a firm or an individual" because, if a fraud claim is too vague during discovery, the claim "will stand unrefuted, placing what may be undue pressure on the defendant to settle the case in order to lift the cloud on its reputation." *Fidelity Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 748-49 (7th Cir. 2005). Rule 9(b) requires a plaintiff to provide sufficient specificity to allow a defendant accused of fraud to respond "swiftly and effectively if the claim is groundless." *Id.*

    I find that Plaintiffs pled their fraud claims with sufficient particularity, both for purposes of the ICFA and Fed.R.Civ.P. 9(b). First, with respect to the ICFA, an Illinois Court of Appeals recently confronted nearly this identical issue. *See Pappas v. Pella Corp.*, 844 N.E.2d 995 (Ill. App. Ct. 2006). In *Pappas*—a parallel case featuring a different plaintiff but the same defendants—the court considered precisely the same arguments that have been raised in this matter, namely, whether based on Illinois precedent, the plaintiffs there had adequately pled their claim. In reversing the trial court's finding that plaintiffs failed to plead their claim sufficiently, the court noted: "[p]laintiffs alleged Pella knew its aluminum clad windows would allow water to enter, causing wood rot and deterioration, and failed to disclose those facts to plaintiffs prior to their purchase of the windows." *Pappas*, 844 N.E.2d at 999. I agree with Justice Wolfson's well-reasoned decision in *Pappas*, and even if I did not, it is binding upon me to the extent that Defendants argue that the state pleading requirements have not been met. Like the *Pappas* plaintiff, I find that Plaintiffs here have adequately pled their fraud claim.

Defendants correctly note, however, that separate and apart from the state statutes, Plaintiffs' pleadings must also rise to the level required by Rule 9(b). I find that they do. Plaintiffs allege that a defect exists in the windows when they leave the factory that allows water to penetrate the area behind the aluminum cladding, ultimately causing condensation, wood rot, leaks, and other physical damage to both the windows and the main structure. I find that this is sufficient under the rule, and therefore deny Pella's motion to dismiss Plaintiff's statutory fraud claim (Count I).

    C.    *Common Law Fraud By Omission*

Pella moves to dismiss Plaintiffs' common law fraud claim (Count III), arguing both that Plaintiff fails to meet the heightened pleading requirements for fraud claims under Fed.R.Civ.P. 9(b) and that Plaintiff fails to properly plead the existence of a duty. As noted above, I find that Plaintiff's claims are pled with sufficient particularity for purposes of Rule 9(b). In addition, for the reasons that follow, I find that Plaintiff adequately pled the existence of a duty. Accordingly, Pella's motion to dismiss Count III is denied.

Because Plaintiffs allege that Pella failed to make a representation when it ought to have made one, Plaintiffs must plead and prove a duty on behalf of Pella to make an affirmative statement. *Coca-Cola Co. Foods Div. v. Olmarc Packaging Co.*, 620 F. Supp. 966, 973 (N.D.Ill. 1985) (*citing Manning v. Ashland Chemical Co.*, 498 F. Supp. 1382, 1383 (N.D.Ill. 1980); *Cummings v. Dusenbury*, 472 N.E.2d 575, 581 (Ill. App. Ct. 1984). The *Coca-Cola* explains that there are, in general, two circumstances in which such a duty arises: "1) when the defendant's acts contribute to the plaintiff's misapprehension of a material fact and the defendant intentionally fails to correct plaintiff's misapprehension, or 2) when the defendant owes some

5

fiduciary duty to the plaintiff to make full and fair disclosure and fails to correct a misapprehension of a material fact." *Id.*

Since this is a motion to dismiss—and I must accept all well-pleaded allegations as true—the only argument I can consider is whether Plaintiffs have alleged that Pella had a duty to disclose information which would correct Plaintiffs' misapprehension of material facts. *Id.* at 974. Here, as was the case in *Coca-Cola*, no fiduciary duty existed between the parties. *Id.* Also like the *Coca-Cola* counter-plaintiff, Plaintiffs here allege that Pella contributed to their misapprehension of material facts, and that Pella intentionally failed to correct this misapprehension. *Id.*

This suffices to survive a motion to dismiss. Therefore, Pella's motion to dismiss Count III is denied.

   D. *Plaintiffs' Uniform Deceptive Trade Practices Act Claim*

Pella next seeks dismissal of Plaintiffs' Uniform Deceptive Trade Practices Act ("UDTPA") claim (Count II). Again, Pella makes two separate arguments against this claim: (1) the statements to which Plaintiffs point are all mere puffery and thus not actionable; and (2) Plaintiffs seek a remedy that is not available under the UDTPA.

At the outset, the parties disagree about whether it is appropriate for a court to consider—on a motion under Fed.R.Civ.P. 12(b)(6)—whether a representation is puffery. I should note that under Illinois law, claims under the UDTPA "are to be resolved according to principles set forth under the Lanham Act." *AT&T Corp. v. Synet, Inc.*, No. 96 C 0110, 1997 WL 89228, at *4 (N.D. Ill. 1997) (*citing Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Ill. 1994)). Moreover, I find that it is appropriate in the context of a motion to dismiss, for

a court to decide, as a matter of law, whether a statement is non-actionable puffery. *See Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("District courts often resolve whether a statement is puffery when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and we can think of no sound reason why they should not do so.") (*citing Cohen v. Prudential-Bache Sec., Inc.*, 713 F. Supp. 653, 658 (S.D.N.Y. 1989); *Metzner v. D.H. Blair & Co.*, 689 F. Supp. 262, 263-64 (S.D.N.Y. 1988); *Radio Today, Inc. v. Westwood One, Inc.*, 684 F. Supp. 68, 74 (S.D.N.Y. 1988); *Testing Systems, Inc. v. Magnaflux Corp.*, 251 F. Supp. 286, 288-89 (E.D.Penn. 1966)).

Puffery is "exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely and is not actionable under § 43(a)." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9 Cir.1997) (*citing* 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 27.04[4][d] at 27-52 (3d ed.1994)). The *Southland* court explained that "[w]hile product superiority claims that are vague or highly subjective often amount to nonactionable puffery . . . misdescriptions of specific or absolute characteristics of a product are actionable." *Id.* (internal quotations omitted).

I find that the statements to which Plaintiffs point are mere puffery, and thus are not actionable. In this case, Plaintiffs point to the fact that Pella referred to its products as "durable," "manufactured to high quality standards," "maintenance free," and that the company said that it would "stand by its products." The subjective and non-quantifiable nature of these claims render them puffery. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24 (1st Cir. 2000) (holding that "Whiter is not possible," is non-actionable puffing); *August Storck K.G. v. Nabisco, Inc.*, 59 F.3d 616 (7th Cir. 1995) (finding that "comparison" to a mystery rival

7

is only puffery and therefore not actionable); *Malaco Leaf, AB v. Promotion In Motion, Inc.*, 287 F. Supp.2d 355 (S.D.N.Y. 2003) (using the words "original" and "famous" on packaging constituted mere puffery); *Bose Corp. v. Linear Design Labs, Inc.*, 467 F.2d 304 (2d Cir. 1972) (opining that defendant's claim of "countless hours of research" leading to superior quality is puffing); *Data Cash Systems, Inc. v. Js & a Group, Inc.*, 223 U.S.P.Q. 865, 867 (N.D.Ill. 1984) ("Frequently, newness claims are only puffing, especially when they are made in the context of promotional literature").

As a result of my finding that the claims Plaintiffs point to are non-actionable puffery, Pella's motion to dismiss Count II is granted.[2]

### E.     *Breach of Implied Warranty of Merchantability Claim*

In its Count IV, Plaintiffs make a claim for breach of implied warranty of merchantability. Pella argues this count should be dismissed for two reasons: it is barred by the four-year statute of limitations and there is no privity between the Plaintiffs and Defendants.

While Pella asserts that this claim generally has a 4-year statute of limitations, Plaintiffs counter that Illinois law dictates that statutes of limitations are tolled when based on fraudulent concealment. *See* 735 ILL. COMP. STAT. 5/13-215 (2006). Illinois law states:

> Fraudulent concealment. If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards.

*Id.*

---

[2] Pella's alternative argument—that the relief Plaintiffs seek under their UDTPA claim is inappropriate—is rendered moot, thus, I do not consider it here.

However, a plaintiff who invokes this section must show "affirmative acts by the defendant which were designed to prevent, and in fact did prevent, the discovery of the claim. Mere silence of the defendant and the mere failure on the part of the plaintiff to learn of a cause of action do not amount to fraudulent concealment." *Cangemi v. Advocate South Suburban Hosp.*, 845 N.E.2d 792, 804 (Ill. App. Ct. 2006) (internal quotation omitted); *accord Dancor International, Ltd. v. Friedman, Goldberg & Mintz*, 681 N.E.2d 617, 623 (1997) (holding that a plaintiff must show "affirmative acts or representations designed to prevent discovery of the cause of action or to lull or induce a claimant into delaying the filing of his claim").

Since Plaintiffs' fraudulent concealment claim is based on silence as opposed to affirmative acts, section 5/13-215 does not apply here. Accordingly, the statute of limitations has run on all of Plaintiffs' implied warranty claims, except for the Hadjipetkov plaintiffs in New Jersey. Thus, Pella's motion to dismiss Count IV is granted as to all plaintiffs, save the New Jersey plaintiffs.

In light of my decision on the statute of limitations issue, I need not address Pella's argument regarding a lack of privity between Plaintiffs and Pella, except for as it relates to the Hadjipetkov plaintiffs in New Jersey. Under New Jersey courts' interpretation of the UCC, "the absence of privity no longer bars a buyer from reaching through the chain of distribution to the manufacturer." *Alloway v. General Marine Industries, L.P.*, 695 A.2d 264, 275 (N.J. 1997) (*citing Spring Motors Distributors, Inc. v. Ford Motor Co.*, 489 A.2d 660 (N.J. 1985). Therefore, whether or not there was privity between the Hadjipetkov plaintiffs and Pella is immaterial to the Hadjipetkov plaintiffs' ability to bring this claim.

In sum, since the four-year statute of limitations has not expired, and since New Jersey

9

does not recognize a privity requirement, Pella's motion to dismiss Count IV is denied as it relates to the Hadjipetkov plaintiffs in New Jersey.

  F. *Unjust Enrichment*

Pella argues that Plaintiffs' Count V—the unjust enrichment claim—should be dismissed because the Pella Express Warranty ("PEW") covers the purchasers of the windows. "When a party has been unjustly enriched at the expense of another, the former is often required to return any benefit to the latter." *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 851 (N.D.Ill. 2006) (*citing* Restat. 1 of Restitution, § 1). Pella asserts that Plaintiffs cannot recover because there is a specific contract governing the relationship of the parties. *See Muehlbauer*, 431 F. Supp. 2d at 855 ("Typically, the presence of an express contract nulls any quasi-contract claim arising out of the same subject matter. Such is the rule in the subject states.").

In *Muelbauer*, Judge Moran held that it was premature, in the context of a 12(b)(6) motion, to dismiss an unjust enrichment claim based on the existence of a contract. *Id.* At 855-56 ("[M]ere invocation of a written contract does not automatically bar an unjust enrichment claim."). I agree with Judge Moran's analysis. Therefore, while Plaintiff's unjust enrichment claim may ultimately be undermined by the PEW, it is not appropriate to so conclude at this time. Pella's motion to dismiss Count V is denied.

  G. *Declaratory Relief*

In their final count, Plaintiffs seek declaratory relief pursuant to 28 U.S.C. § 2201 (2006). Pella argues that the claim should be dismissed because Plaintiffs are actually seeking a unilateral reformation of the PEW.

Pella is correct insofar as they point out that Plaintiffs are seeing an extraordinary remedy. The Declaratory Judgments Act, "is an enabling Act, which confers a discretion on the courts

10

rather than an absolute right upon the litigant." *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952). Ultimately, I may be quite unlikely to grant the declaratory relief Plaintiffs are requesting. Nevertheless, based on the standards for motions to dismiss under Fed.R.Civ.P. 12(b), it is premature to make that determination here. Pella's motion to dismiss Count VI is denied.

### H.   *Plaintiffs' Class Allegations*

Finally, Pella argues that Plaintiffs' multi-state and nationwide class allegations should all be dismissed. Plaintiffs respond—and I agree—that Pella's challenges to the alleged classes should be reserved for the class certification stage, and are untimely in this motion to dismiss. Therefore, I decline, at this time, Pella's invitation to dismiss Plaintiffs' class allegations.

### III.   CONCLUSION

For the foregoing reasons, Pella's motion to dismiss is denied as to Counts I, III, V, and VI. Pella's motion is granted as to Count II and as to Count IV for all but the the Hadjipetkov plaintiffs in New Jersey.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: March 20, 2007

11